*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. MINJEUR, Minor.

UNPUBLISHED
March 23, 2023

No. 361990
Macomb Circuit Court
Family Division
LC No. 2019-000400-NA

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to her minor child, RM, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist) and (j) (reasonable likelihood of harm if returned to parent). Because we find that termination is in the best interests of the child, we affirm.

## I. BACKGROUND

Respondent has a history of substance abuse and admitted to drug use during her pregnancy. RM tested positive for several drugs at birth and experienced withdrawal symptoms. Three weeks after RM's birth, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court take jurisdiction over RM under MCL 712A.2(b)(1) and (2). In addition to the substance abuse issues, the petition alleged incidents of domestic violence between respondent and the child's father. Respondent pleaded no contest to the factual allegations in the petition and the court determined that there were statutory grounds to exercise jurisdiction over RM. A court-structured plan was adopted, which included participating and benefitting from parenting classes, undergoing a psychological evaluation, participating in mental health treatment, undergoing substance abuse evaluations and treatment, random drug screens, maintaining employment, obtaining suitable housing, maintaining a bond with RM, and maintaining contact with a parenting coach.

---

[1] The father's rights were also terminated, but he is not a party to this appeal. Accordingly, we simply refer to respondent-mother as "respondent" and respondent-father as "the father."

Despite ample time and opportunity, respondent failed to adhere to the requirements of the court-ordered service plan. Respondent continued to test positive for illegal substances, missed numerous drug screens, missed numerous supervised visits with RM, failed to maintain suitable housing, failed to complete parenting classes, was inconsistent with substance abuse therapy, and was terminated by her parent partner/coach As a result, DHHS filed a supplemental petition seeking termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (*ii*). DHHS subsequently moved to amend the petition to include the additional grounds of MCL 712A.19b(a)(*ii*), (g), and (j), which the court granted. Following a trial, the referee determined that clear and convincing evidence established a statutory basis to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), and (j). Following a hearing, the referee found by a preponderance of the evidence that termination of respondent's parental rights was in RM's best interests. The trial court adopted the referee's findings and terminated respondent's parental rights. This appeal followed.

## II. ANALYSIS

Respondent does not challenge the trial court's determination that statutory grounds existed for terminating her parental rights. Rather, she argues that the court clearly erred by finding that termination of her parental rights was in RM's best interests. We disagree.

We review a trial court's decision that termination is in a child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010).

In this case, the referee determined that it was in RM's best interests to terminate respondent's parental rights because respondent was inconsistent with her parenting time,[2] showed a lack of engagement with RM during her visitations, had not taken steps to distance herself from domestic violence, failed to complete the majority of the court-ordered service plan, lacked compliance and consistency with substance abuse treatment, continued to test positive for illegal drugs,[3] and had ongoing criminal issues. While respondent was, at times, engaged during the supervised visitations with RM that she actually attended, at other times she was preoccupied by her cellphone, was preoccupied reading tarot cards, had trouble focusing on RM, disregarded RM despite his repeated attempts to get her attention, had trouble engaging with RM, and struggled to participate in activities with RM. There was also evidence that respondent passed out during two visitations with RM, which was attributed to her use of illegal substances. Conversely, there was evidence of a strong bond between RM and the foster parents. The referee considered the fact that RM was in the care of relatives, concluding that RM was young and termination was in RM's best interests because it provided RM with "stability, freedom from substance abuse, freedom from domestic violence, and an overall healthy environment in which to grow." RM's needs for permanence, stability, and long-term safety outweigh any bond with respondent that may exist.

The referee's findings, which the trial court adopted, were supported by a preponderance of the evidence. We are not left with a definite and firm conviction that a mistake has been made. Accordingly, we conclude that the court did not clearly err in finding that termination of respondent's parental rights was in RM's best interests.

### III. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood

---

[2] The evidence established that respondent had been offered 171 visits, but only attended 93 visits, and missed 78 visits. There was a period of four and one-half months that respondent did not have any visits with RM.

[3] The evidence established that respondent was positive for more than 95% of her drug screens: out of 142 drug screens, respondent missed 115 drug screens, tested positive for 21, and was negative for six. Per the DHHS policy, a missed drug screen is considered a positive drug screen.